UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION S. EHRINGER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondents. | No.  2:15-cv1329 MCE KJN P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

   Petitioner, a pretrial detainee[1] proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 13, 2015, petitioner filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

   Because petitioner's criminal proceedings are pending, the court must abstain from addressing his claims. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  <u>Younger</u> abstention

---

[1] Petitioner claims he is in custody pursuant to a "civil commitment," but identifies the reason for his commitment as making threats, suggesting he is facing criminal charges. (ECF No. 1 at 2.) Petitioner also cites Section 136.2 as one of the reasons for his commitment, which involves charges for intimidating or dissuading a victim or witness. Cal. Penal Code § 136.2.

1

1  is required when:  (1) state judicial proceedings are pending; (2) the state proceedings involve
2  important state interests; and (3) the state proceedings afford adequate opportunity to raise the
3  constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423,
4  432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

5      All three of the Younger criteria are satisfied here.  Petitioner is facing criminal charges in
6  state court, and such proceedings are pending.  Petitioner states that he pled not guilty, and that he
7  is awaiting trial.  (ECF No. 1 at 2.)  Second, the state has an important interest in adjudicating
8  state criminal proceedings, and, third, such proceedings afford petitioner an opportunity to raise
9  his constitutional claims.  Moreover, petitioner has made no showing that extraordinary
10 circumstances exist that would require federal intervention.  See Younger, 401 U.S. at 46
11 (holding extraordinary circumstances exist when there is danger of great and immediate
12 irreparable loss; but cost, anxiety and inconvenience of defending against good-faith criminal
13 prosecution are not extraordinary circumstance requiring federal intervention).  Therefore, the
14 court should abstain from interfering with the state judicial process, and the petition should be
15 dismissed without prejudice.

16     Also, petitioner requested the appointment of counsel.  There currently exists no absolute
17 right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460
18 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage
19 of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.
20 In the present case, the court does not find that the interests of justice would be served by the
21 appointment of counsel at the present time.

22     Accordingly, IT IS HEREBY ORDERED that:
23     1.  Petitioner is granted leave to proceed in forma pauperis;
24     2.  Petitioner's request for appointment of counsel (ECF No. 7) is denied without
25 prejudice; and
26     IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be
27 dismissed without prejudice. Younger v. Harris, 401 U.S. 37 (1971).
28 ////

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2015

/ehri1329.younger

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3